UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**BENJAMIN DWAN HADLEY**                                                    **MOVANT/DEFENDANT**

**v.**                                                              **CIVIL ACTION NO. 1:05CV-P20-R**
                                                         **CRIMINAL ACTION NO. 1:01CR-52-R**

**UNITED STATES OF AMERICA**                                              **RESPONDENT/PLAINTIFF**

**OPINION**

The movant, Benjamin Dwan Hadley, filed a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, claiming a denial of due process, a denial of jury trial rights, and ineffective assistance of counsel (Civil Action No. 1:05CV-P20-R, DN 1). On preliminary review of the motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court concluded that the motion is time barred but nevertheless provided the movant with an opportunity to respond (DN 4). The movant filed a timely response (DN 5). Having considered the arguments and the relevant law, the Court concludes that the § 2255 motion is time barred and must be denied.

**I.**

Section 2255 provides for a one-year limitations period, which shall run from the latest of:

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme

> Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* § 2255 ¶6.

The movant contends that the third instance applies in his case, arguing that "the rule in Blakely/Booker must be retroactively applicable to matters on collateral review." The movant's *Blakely* claim, however, "is now governed by the Supreme Court's . . . decision in *Booker*, --- U.S. ----, 125 S. Ct. 738, 160 L. Ed. 2d 621, which applied the *Blakely* reasoning to the Federal Sentencing Guidelines. . . ." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005), *cert. denied*, 126 S. Ct. 199 (U.S. Oct. 3, 2005) (No. 05-5130). Despite the movant's detailed argument for retroactivity, the Supreme Court has not made *Booker* retroactively applicable to cases on collateral review. *Booker v. United States*, 125 S. Ct. at 769 ("[W]e must apply today's holdings . . . to all cases on direct review."). And, the Sixth Circuit Court of Appeals has specifically concluded that "*Booker*'s rule does **not** apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d at 860 (emphasis added). As "*Booker* . . ., which now governs [the movant's] *Blakely* claim, does not apply retroactively to cases already final on direct review," *id.* at 857, the third paragraph referenced above does not apply in this instance.

Instead, because the movant alleges no impediment created by the government, *see* § 2255 ¶6(2), or no newly discovered evidence, *see* § 2255 ¶6(4), the one-year period of limitations began to run on the date on which the movant's judgment of conviction became final. The movant's judgment of conviction was entered on December 5, 2002, and no appeal was

filed. "[A]n unappealed district court judgment of conviction becomes 'final' ten days after the entry of judgment. . . ." *Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004). Thus, the one-year period began running on December 19, 2002.[1]  Since the movant did not file the instant § 2255 motion until over two years later on February 16, 2005,[2] the instant action is time barred, and as discussed below, Hadley's response to the Court's Order to show cause does not alter this conclusion.

## II.

In the movant's response, he raises several arguments. First, he contends that the one-year limitation "is in conflict with the Court's need to avoid and/or correct a manifest miscarriage of justice." He offers minimal discussion and no law in support of this contention. He does not argue that the statute of limitations is unconstitutional, and courts have held that it is not. *See, e.g.*, *Weaver v. United States*, 195 F.3d 123 (2d Cir. 1999); *Muniz-Ochoa v. United States*, No. 1:04-CV-472, 2005 WL 1498866, at *1 (W. D. Mich. June 23, 2005) (listing cases concluding that the one-year statute of limitations is constitutional in the face of per se challenges brought under the Suspension Clause). And, while the one-year statute of limitations is subject to equitable tolling, *Souter v. Jones*, 395 F.3d 577, 597 n.12, 599 (6th Cir. 2005);

---

[1] Under Federal Rule of Appellate Procedure 26(a), when computing time, "[e]xclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days." Fed. R. App. P. 26(a)(2). The tenth day thus fell on December 19, 2002.

[2] Under the mailbox rule, a civil action is deemed filed on the date that it is deposited in the prison mail system for mailing. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a *pro se* prisoner's notice of appeal on habeas corpus review is deemed filed on the date that it is turned over to prison officials for transmittal to court); *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (applying the mailbox rule to § 2255 actions). Absent evidence to the contrary, the Court presumes that the movant deposited his § 2255 motion in the prison mail system on February 16, 2005, the date he signed the motion.

*Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001), the movant has raised no equitable tolling argument. His broad and vague allegation of a miscarriage of justice is thus meritless.

Second, the movant contends that the Court's reliance on *Humphress*[3] is misplaced because that case did not address the second component of the *Blakely/Booker* decision, namely "that facts used to enhance a sentence, if not admitted, must be proven beyond a reasonable doubt." The burden of proof standard, claims the movant, is a new "watershed rule" requiring retroactivity. In *Humphress*, however, the Sixth Circuit set forth the "new rule" it was reviewing, including the applicable standard of proof, and determined that the entire *Booker* rule was not retroactively applicable on collateral review. *Humphress v. United States*, 398 F.3d at 860 ("*Booker*'s rule does not apply retroactively in collateral proceedings."). It makes little sense to piecemeal *Humphress*' ruling in the manner suggested here, and the movant provides no persuasive support for the court to do so.

Third, the movant argues that the second, or remedial, holding[4] of *Booker* should have retroactive application. He cites to no legal authority in support of this argument, and case law suggests the opposite. For instance, the Seventh Circuit in *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005), *cert, denied*, 125 S. Ct. 2559 (U.S. June 6, 2005) (No. 04-9994), a case to which the Sixth Circuit cited as support in *Humphress*, observed the following:

---

[3] The movant also claims that the Court's reliance on *Schriro* is misplaced, but the Court did not cite to that case in its prior Memorandum and Order.

[4] To explain, "[t]he second (or so-called 'remedial') majority opinion held that, in order to best reflect the intent of Congress, the sentencing guidelines could not remain mandatory in the wake of the first majority's constitutional holding." *Daniel v. United States*, 377 F. Supp. 2d 537, 538 (N.D. W. Va. 2005). "Thus, the remedial majority excised 18 U.S.C. §§ 3553(b) and 3742(e) to establish an advisory guidelines scheme and impose a reasonableness standard of review." *Id.* at 539.

4

> *Booker* does not in the end move any decision from judge to jury, or change the
> burden of persuasion. The remedial portion of *Booker* held that decisions about
> sentencing factors will continue to be made by judges, on the preponderance of
> the evidence, an approach that comports with the sixth amendment so long as the
> guideline system has some flexibility in application. As a practical matter, then,
> petitioners' sentences would be determined in the same way if they were
> sentenced today; the only change would be the degree of flexibility judges would
> enjoy in applying the guideline system. That is not a "watershed" change that
> fundamentally improves the accuracy of the criminal process.

*McReynolds v. United States*, 397 F.3d at 481 (citation omitted). And, the Third Circuit in *Lloyd v. United States*, 407 F.3d 608 (3d Cir. 2005), *cert. denied*, 126 S. Ct. 288 (U.S. Oct. 3, 2005) (No. 05-5769), noted:

> [I]n the opinion authored by Justice Breyer, the unconstitutionality of the
> Guidelines was remedied by excising the provision, at 18 U.S.C. § 3553(b)(1),
> that made their application mandatory. By creating an advisory federal
> sentencing regime, the *Booker* Court did not announce a new rule of criminal
> procedure that significantly increases the "certitude" or "accuracy" of the
> sentencing process.

*Id.* at 615.[5]

Finally, the movant argues that "Blakely/Booker errors are structural errors requiring retroactive application." In support of this argument, he cites to *United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005). In that decision, as part of its plain error analysis, the Sixth Circuit found a structural error and presumed prejudice due to the district court's failure to treat the

---

[5]*See also Daniel v. United States*, 377 F. Supp. 2d 537, 539 (N.D. W. Va. 2005).

> *Booker*'s remedial holding mitigated the impact of the constitutional holding by
> precluding any requirement for jury factfinding at the sentencing stage. Thus, with
> respect to basic procedural protections, the post-*Booker* sentencing scheme is no different
> than the pre-*Booker* scheme. Indeed, the remedial opinion in *Booker* expressly preserved
> judicial factfinding by a preponderance of the evidence. Accordingly, *Booker* cannot be
> characterized as a decision that "not only improved accuracy [of sentencing
> determinations], but also alter[ed] our understanding of the bedrock procedural elements
> essential to the fairness of a proceeding."

*Id.* (citations omitted).

Sentencing Guidelines advisory. *Id.* at 527. The Court ultimately concluded that the district court committed plain error in treating the sentencing guidelines mandatory, and it vacated the defendant's sentence and remanded the case for re-sentencing. *Id.* The movant's reliance on *Barnett* is of no help to him as that case was not a collateral attack on a federal criminal conviction and sentence. Rather, *Barnett* involved a criminal action that was pending on direct appeal when *Booker* was decided. As the Supreme Court explicitly directed in *Booker*, "we must apply today's holdings . . . to all cases on direct review." 125 S. Ct. at 769. Retroactivity was simply not an issue in *Barnett*.

For the reasons set forth more fully above, the Court concludes that the § 2255 motion is time barred and must be dismissed.

Having made that determination, the Court lastly notes that the movant requests that his § 2255 motion be held in abeyance "until such time as a higher court makes a considered argument and determination." While not entirely clear which issue the movant wants a higher court to consider, it appears that the movant is referring to the retroactivity issue. Working under that presumption, this Court advises that it is bound by Sixth Circuit precedent, until and unless there is an en banc Sixth Circuit decision to the contrary and/or a Supreme Court ruling to the contrary. As neither the Supreme Court nor an en banc panel of the Sixth Circuit has yet to make a ruling on whether the *Blakely/Booker* rule applies retroactively to cases on collateral review, *Humphress* is the law of the Sixth Circuit, which this Court must follow. The request for an abeyance will therefore be denied.

**III.**

Before the movant may appeal this Court's decision, a certificate of appealability ("COA") must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. at 484. "When," however, "the district court denies a [] petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Having reviewed the movant's § 2255 motion and response to the Court's Order, the Court is satisfied that no jurists of reason would find its decision to deny the motion as time barred to be debatable or wrong. A COA will therefore be denied.

This Court will enter a separate Order consistent with this Opinion.

Date:


cc:     Movant, *pro se*
        United States Attorney
4413.005